## CALHOUN v CINCINNATI STREET RAILWAY CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4035. Decided April 4, 1932

Lawrence F. Lytle, Cincinnati, and Gilbert Shaver for plaintiff in error.

Leo J. Brumleve, Jr., Cincinnati, for defendant in error.

ROSS, PJ.

An examination of the record shows that there was ample evidence justifying the jury in a finding that there was no negligence on the part of the employes of defendant in error proximately causing the injuries received by plaintiff in error.

The courts of this state have repeatedly held that the court, considering a case upon an assignment of error involving the weight of the evidence, has no power to determine the preponderance or weight of the evidence, but, on the contrary, is only allowed to reverse upon this assignment of error when the verdict of the jury is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to cause the court to conclude that in sustaining the judgment, based upon the verdict, it would produce a result in complete violation of substantial justice.

We can find in the judgment no such variance with the evidence. We find no error upon the issue of negligence.

It becomes, therefore, unnecessary to consider the other issue in the case, that of contributory negligence, although an examination of the special charge criticized convinces us that it was erroneous.

The opinion in this case has been withheld pending a decision in the case of **Knisely v Community Traction Co., 125 Oh St 131** (Oh Bar 5-9-32), No. 23048 Supreme Court of Ohio, the syllabus of which is reported in the Court Index, April 1, 1932, which is decisive in applying the dual issue rule to a case involving the issues of negligence and contributory negligence. That the issue of contributory negligence arises out of the evidence and is not pleaded is, of course, not controlling. The first paragraph of the syllabus in the Knisely case is as follows:

"In a suit to recover damages for personal injuries on the ground of negligence, the allegations of defendant's negligence in the petition, and the allegation of plaintiff's contributory negligence in the answer, constitute separate and distinct issues to which the so-called two issue rule, as defined in **Stites v Haverstick, 23 Oh St, 626,**

and subsequent cases, has full application."

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

CUSHING, J, concurs.

HAMILTON, J, concurring.

I concur in the judgment of affirmance for the reason that the proper charge was given in the general charge, and under the authority of **Bartson, etc., v Craig, 121 Oh St, 371,** the error was cured.